DOWLING AARON INCORPORATED
Steven D. McGee (State Bar No. 71886)
smcgee@dowlingaaron.com
Matthew R. Dildine (SBN 258685)
mdildine@dowlingaaron.com
8080 North Palm Avenue, Third Floor
Fresno, CA  93729-8902
Telephone:    559-432-4500
Facsimile:     559-432-4590

RUTAN & TUCKER, LLP
William T. Eliopoulos (State Bar No. 100633)
weliopoulos@rutan.com
Kaveh Badiei (State Bar No. 215179)
kbadiei@rutan.com
Five Palo Alto Square
3000 El Camino Real, Suite 200
Palo Alto, CA 94306-9814
Telephone:    650-320-1500
Facsimile:     650-320-9905

Attorneys for CVIN, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| MP Nexlevel of California, Inc., | Case No. 1:14-CV-00288-LJO-GSA |
| Plaintiff, | **STATUS REPORT, INCLUDING STIPULATION RE DEFENDANT CVIN, LLC'S MOTION FOR PROTECTIVE ORDER AND TO QUASH, RE VARIOUS THIRD PARTY SUBPOENAS; ORDER THEREON** |
| vs. | |
| CVIN, LLC et al., | |
| Defendants. | |
| | (Doc. 104) |
| AND RELATED COUNTER AND CROSS-CLAIMS. | |

At the telephonic conference held on November 7, 2014, the Court informally addressed the issues and arguments raised by the parties regarding CVIN's pending motion for a protective order. (Doc. [104], the "Motion").  The parties were ordered to meet-and-confer to attempt to resolve the discovery disputes at issue, and to submit, no later than November 25, 2014, via email to gsaorders@caed.uscourts.gov, a joint status-report outlining the progress made and identifying any issues that remain unresolved.

**STATUS REPORT AND STIPULATION**

Counsel for CVIN, LLC ("CVIN") and MP Nexlevel of California, Inc. ("MP") met and conferred, telephonically, on November 17, 2014, and continued their efforts to resolve the issues thereafter.  The only remaining issue in dispute between the parties is the following: Whether, based on CVIN's representation that it has full ownership and control of all Project documents and data contained on the EADOC LLC's ("EADOC") system, the subpoena issued by MP to EADOC is invalid as it violates the Stored Communication Act (18 U.S.C. §§ 2701 *et seq.*).

Notwithstanding the disputed issue above, CVIN and MP stipulate and agree to the following [Proposed] Order to be entered by the Court so to resolve the issues raised by the Motion.

Respectfully submitted,

Dated:  November 25, 2014         RUTAN & TUCKER, LLP

By:     /s/ *Kaveh Badiei*
   William T. Eliopoulos
   Kaveh Badiei
   Attorneys for CVIN, LLC

Dated:  November 25, 2014         WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP

   */s/ Ben Patrick*
   Ben Patrick, Esq.
   Attorneys for MP Nexlevel of California, Inc.

///

///

**ORDER**

On September 24, 2014, CVIN filed a Notice of Motion and Motion for Protective Order and to Quash, re Various Third Party Subpoenas. (Doc. [104], the "Motion")  The Motion involved the subpoenas issued by MP to the following third parties:  AECOM Technology Corporation, Almendariz Consulting, Inc., Bennett Trenchless Engineers, BNSF Railway Company, Carlton Engineering, Inc., CCI Systems, Inc., Compliance Solutions, Inc., David Collins, EADOCS, LLC, EDX Wireless, Inc., Engineering Associates, Inc., Gateway Engineering, Inc., Genesee & Wyoming, f/k/a Rail America, GrassRoots Environmental Consortium, ITC Service Group, Inc., John Schieler, Jon Waggoner, K&B Engineering, Lane Engineers, Inc., Lars Andersen & Associates, Inc., LightRiver Technologies, Inc., Randy Pierce, Solano Archaeological Services, Vali Cooper &Associates, Inc., Yamabe & Horn Engineering, Inc., and Youngdahl Consulting Group, Inc.

The Motion requested, *inter alia,* that  (1)  the term "Project," as that term is used in each and every subpoena, to be re-defined and narrowed;  and (2)  the Subpoena issued to EADOC, LLC ("EADOC") to be found in violation of the Stored Communication Act (18 U.S.C. §§ 2701 *et seq*.).

On October 31, 2014, CVIN and MP submitted a Joint Statement to the Court, setting forth their respective positions and arguments on the issues presented by the Motion.  At the telephonic conference held thereafter, on November 7, 2014, the Court informally addressed the issues and arguments raised by the parties.  Subsequently, the parties submitted the Status Report and stipulation set forth above and filed on the docket as Doc. 138.  The parties' stipulation resolves CVIN's Motion in its entirety.  Docs. 104, 138 at 2.

Accordingly, based on the stipulation of the parties, the Court ORDERS as follows:

1.    The term "Project," as used in each every subpoena subject to the Motion shall be re-defined to include only the following 14 segments:  Segment Nos. 8, 10, 12, 13, 14, 15, 18, 19, 21, 22, 25, 26, 27 and 30 (collectively "14-MP-Segments").  This Order is without prejudice to MP's right to seek discovery into other segments at a later time, should discovery in this case

Rutan & Tucker, LLP
attorneys at law

2395/031672-0001
7612453.1 a10/16/14

1298241v.1

STATUS REPORT, INCLUDING STIPULATION RE DOC 104; ORDER THEREON

1  demonstrate that such additional discovery would be relevant.  At this time, third-parties in receipt
2  of subpoenas are directed to produce documents relating to the 14-MP-Segements only.
3  Documents shall be produced within 20-days of service of this order.  Although production
4  pursuant to this Order is limited to the 14-MP-Segments, each third-party in receipt of a subpoena
5  is directed to retain all documents, information, and data responsive to the subpoena as originally
6  formulated, including documents and information pertaining to segments other than the 14-MP-
7  Segments for possible production at a later stage of this action.

8        2.      By agreement of the parties and without prejudice to MP's right to revisit the issues
9  underlying the present Motion based on later developments in the case, the EADOC subpoena is
10  quashed.  The parties further agree, and the Court directs, that the documents stored by EADOC,
11  relating to the 14-MP-Segments, are to be produced by CVIN.  Additionally, CVIN is directed to
12  retain and maintain all CVIN documents, information, and data associated metadata, document
13  associations, and hyperlinks in the form they were maintained during the course of the Project.[1]
14  CVIN shall be responsible for the timely collection and production of relevant, non-privileged
15  documents and electronically-stored information stored on the EADOC system, including all
16  responsive and non-privileged metadata, in electronic form consistent with the manner in which
17  such documents and information were maintained in the ordinary course of the Project.  Without
18  limiting the foregoing, CVIN shall produce documents, information, and data that preserves and
19  maintains all document associations, hyperlinks, and metadata to the extent such data is
20  reasonably available and technologically feasible to be produced.  Said production shall comply
21  with the applicable Federal Rules of Civil Procedure.  CVIN and MP are to meet and confer to
22  determine the most effective way to exchange the records stored by EADOC.

23        3.      No later than five court days after the entry of this order, CVIN shall mail
24  notifications to the third parties regarding this Order, providing the third parties information

---

[1] The parties' stipulation proposed that the Court direct *either* CVIN *or* EADOC "to retain and maintain all CVIN documents, information, and data associated metadata, document associations, and hyperlinks in the form they were maintained during the course of the Project." *See* Doc. 138, ¶2, at 4.  In light of Paragraph 3 of this order, the Court directs CVIN to retain and maintain the documents, information, data and hyperlinks as described here, either directly or via instructions to EADOC.

Rutan & Tucker, LLP
attorneys at law

2395/031672-0001
7612453.1 a10/16/14

1298241v.1

STATUS REPORT, INCLUDING STIPULATION RE DOC 104; ORDER
THEREON

1  substantially equivalent to the letter attached hereto as Exhibit A, with a carbon-copy to MP's
2  counsel.  *See* Doc. 138, Exhibit A.  CVIN shall also notify EADOC that it does not have to
3  comply with the subpoena issued to it by MP, but that EADOC must retain all CVIN documents
4  and information, associated metadata, document associations, and hyperlinks in the form the
5  documents and information were maintained during the course of the project until directed
6  otherwise by CVIN or the Court.  In the event CVIN terminates its use of the EADOC system,
7  CVIN shall retain and maintain the records previously held by EADOC.

IT IS SO ORDERED.

Dated:  **December 1, 2014**            /s/ Gary S. Austin
                                    UNITED STATES MAGISTRATE JUDGE

Rutan & Tucker, LLP
attorneys at law

2395/031672-0001
7612453.1 a10/16/14

1298241v.1

STATUS REPORT, INCLUDING STIPULATION RE DOC 104; ORDER THEREON