BEN PATRICK (SBN 244092)
Ben.Patrick@WilsonElser.com
**WILSON, ELSER, MOSKOWITZ,**
 **EDELMAN & DICKER LLP**
525 Market Street, 17th Floor
San Francisco, California 94105-2725
Telephone: (415) 433-0990
Facsimile: (415) 434-1370

Holly J. Newman (*pro hac vice*)
HJN@DewittMCM.com
James D. Kremer (*pro hac vice*)
JDK@DewittMCM.com
**DEWITT MACKALL CROUNSE & MOORE S.C.**
1400 AT&T Tower
901 Marquette Avenue
Minneapolis, MN 55402
Telephone: (612) 305-1400
Facsimile: (612) 305-1414

David W. Larson (*pro hac vice*)
DWLarson@MartinSquires.com
**MARTIN & SQUIRES P.A.**
332 Minnesota Street, Suite W2750
St. Paul, MN 55101
Telephone: (651) 767-3746
Facsimile: (651) 228-9161

Attorneys for Plaintiff, Cross-Defendant, and Third-Party Plaintiff
MP NEXLEVEL OF CALIFORNIA, INC.
and Cross-Defendant
WESTERN SURETY COMPANY

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION

| | |
|---|---|
| MP NEXLEVEL OF CALIFORNIA, INC., <br><br> Plaintiff, <br><br> v. <br><br> CVIN, LLC dba VAST NETWORKS, *et al.*, <br><br> Defendants. <br><br> AND RELATED COUNTER-, CROSS-, AND THIRD-PARTY CLAIMS | Case No. 1:14-cv-00288-LJO-GSA <br><br> **STIPULATION AND PROTECTIVE ORDER** |

Upon stipulation of the parties (individually referred to herein as a "Party" and collectively referred to as the "Parties") for an order pursuant to Fed. R. Civ. P. 26(c) that confidential information be disclosed only in designated ways:

1. As used in the Protective Order, these terms have the following meanings:

"Attorneys" means counsel of record, in-house counsel, and their support staff, and pro se parties.

The "Attorneys Eyes Only" designation shall be reserved for "Confidential" information, the disclosure of which would provide a particularly broad competitive advantage to the producing party's competitors and/or would likely cause significant harm to the competitive position of the Producing Party.

A document is deemed to be "Confidential" if the document or information pertains to the Producing Party's trade or business, such as estimating or trade secret information (as "trade secret" is defined in California Civil Code section 3426.1(d)), the producing party believes in good faith has competitive value, is not known to others in the producing party's trade or business, and the producing party has not revealed to third parties except in confidence and taken reasonable steps to maintain its confidential nature.  MP Nexlevel agrees that it will not, and will not be entitled to, mark as "Confidential" MP Nexlevel's invoices to CVIN, CVIN's payments to MP Nexlevel, the contracts and change orders between CVIN and MP Nexlevel, and the correspondence between MP Nexlevel and CVIN.

"Designating Party" and "Producing Party" means a Party who has produced the Document in question.

"Documents" are all materials that meet the definition of Fed. R. Civ. P. 34(a)(1)(A).

"Outside Vendors" means translation, data storage and hosting, messenger, copy, coding, and other clerical-services vendors retained by a party or its Attorneys.

"Receiving Party" means a Party who has received the Document in question.

"Written Assurance" means an executed document in the form attached as Exhibit A.

2. A Party or third-party from whom documents are requested may designate a document "Confidential" or "Attorneys Eyes Only" by affixing the designation to the protected information or where not possible, affixing the designation to the container or device storing the protected information.

3. All Confidential or Attorneys Eyes Only documents, along with the information

contained in the documents, shall be used solely for the purpose of this action, and no person receiving such documents shall, directly or indirectly, use, transfer, disclose, or communicate in any way the documents or their contents to any person other than those specified in paragraph 4. Any other use is prohibited unless disclosed under a court order after having given reasonable notice to the producing party or their counsel in this action. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures; and (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

4. Access to any Confidential documents shall be limited to:

(a) The Court and its staff and jurors impaneled to hear the case;

(b) Attorneys who have signed this Stipulation and their staff, and their Outside Vendors;

(c) Persons shown on the face of the document to have authored or received it, or a custodian or other person who otherwise possessed or knew the Confidential information;

(d) Court reporters and videographers retained to transcribe and record testimony, who have signed the "Written Assurance" (Exhibit A);

(e) The officers, directors, and employees (including House Counsel) of the Parties to whom disclosure is reasonably necessary for this litigation and who have signed the "Written Assurance" (Exhibit A);

(f) Outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a Party or its Attorneys to provide assistance as mock jurors or focus group members or the like, or to furnish technical or expert services and/or to give

        expert testimony in this action, and who have signed the "Written Assurance" (Exhibit A);

    (g)  Persons who the Producing Party agrees in writing or on the record may have access, and who have signed the "Written Assurance" (Exhibit A); and

    (h)  Mediators retained by the Parties to conduct alternative dispute resolution.

5. Access to any Attorneys Eyes Only documents shall be limited to:

    (a)  the Court and its staff and jurors impaneled to hear the case;

    (b)  Attorneys who have signed this Stipulation and their staff, and their Outside Vendors;

    (c)  Persons shown on the face of the document to have authored or received it;

    (d)  Court reporters and videographers retained to transcribe and record testimony who have signed the "Written Assurance" (Exhibit A);

    (e)  Outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a Party or its Attorneys to provide assistance as mock jurors or focus group members or the like, or retained to furnish consulting, technical or expert services and/or to give expert testimony in this action and who have signed the "Written Assurance" (Exhibit A);

    (f)  Persons who the Producing Party agrees in writing or on the record may have access, and who have signed the "Written Assurance" (Exhibit A); and

    (g)  Mediators retained by the Parties to conduct alternative dispute resolution.

6. Third-parties producing documents in the course of this action may also designate documents as "Confidential" or "Attorneys Eyes Only" subject to the same protections and constraints as the parties to the action. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections. A copy of the Protective Order shall be served along with any subpoena served in connection with this action. All documents produced by such third-parties shall be treated as "Confidential" for a period of 14 days from the date of their production, and during that period any Party may designate such documents as "Confidential"

pursuant to the terms of the Protective Order. No person identified in 4(b), (e) or (f) shall receive Confidential information produced by a third-party unless and until they execute this Stipulation. All Confidential information produced by a third-party are subject to the protections described herein even if all Parties and their Attorneys do not execute this Stipulation or the Order is not entered.

 (a) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

  i. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

  ii. promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

  iii. make the information requested available for inspection by the Non-Party.

 (b) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

 7. Opposing and third-party counsel shall be notified at least 14 days prior to disclosure to any such person who is known to be an employee or agent of, or consultant to, any competitor of

the Party or third-party whose designated documents are sought to be disclosed. Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made. If a Party or third-party objects in writing to such disclosure within 14 days after receipt of notice, no disclosure shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting {arty.

8. All depositions or portions of depositions taken in this action that contain confidential information may be designated "Confidential" or "Attorneys Eyes Only" and thereby obtain the protections accorded other "Confidential" or "Attorneys Eyes Only" documents. "Confidential" and "Attorneys Eyes Only" designations for depositions shall be made either on the record or by written notice to the other Parties within 14 days of receipt of the transcript. Unless otherwise agreed, depositions shall be treated as "Confidential" during the 14-day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses Confidential or Attorneys Eyes Only information shall be taken only in the presence of persons who are qualified to have access to such information.

9. Any Party or third-party who inadvertently fails to identify documents as "Confidential" shall promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated documents. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Any Party receiving such improperly-designated documents shall retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly-designated documents.

10. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

11. If a Party files a document designated as containing Confidential information with the Court, it shall do so in compliance with the rules for requesting the document be filed under seal, Local Rule 141. Prior to disclosure at trial or a hearing of materials or information designated

"Confidential" or "Attorneys Eyes Only," the Parties or third-parties may seek further protections against public disclosure from the Court.

12.   Any Party may request a change in the designation of any information designated "Confidential" or "Attorneys Eyes Only."  Any such document shall be treated as designated until the change is completed.  If the requested change in designation is not agreed to, the Party seeking the change may move the Court for appropriate relief, providing notice to any third-party whose designation of produced documents as "Confidential" or "Attorneys Eyes Only" in the action may be affected.  The Party asserting that the material is Confidential or Attorneys Eyes Only shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

13.   Within 60 days of the termination of this action, including any appeals, each Party shall either destroy or return to the opposing party or third-party all documents designated by the opposing party or third-party as "Confidential" or "Attorneys Eyes Only," and all copies of such documents, and shall destroy all extracts and/or data taken from such documents.  Each Party shall provide a certification as to such return or destruction within the 60-day period.  However, Attorneys shall be entitled to retain a set of all documents filed with the Court and all correspondence generated in connection with the action.

14.   Any Party or third-party may apply to the Court for a modification of the Protective Order, and nothing in the Protective Order shall be construed to prevent a Party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

15.   No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

16. The obligations imposed by the Protective Order shall survive the termination of this action.

**Stipulated to:**

DATED: March 3, 2015                WILSON, ELSER, MOSKOWITZ EDELMAN & DICKER, LLP

By: /s/ Ben Patrick, Esq.
    Ben Patrick

DEWITT MACKALL CROUNSE & MOORE S.C.
    Holly J. Newman
    James D. Kremer

MARTIN & SQUIRES, P.A.
    David W. Larson

Attorneys for Plaintiff
MP NEXLEVEL OF CALIFORNIA, INC.
and Cross-Defendant
WESTERN SURETY COMPANY

Signature authorized February 19, 2015          RUTAN & TUCKER, LLP

By: /s/ William T. Eliopoulos, Esq.
    William T. Eliopoulos
    Kaveh Badiei

DOWLING | AARON INCORPORATED
    Matthew Dildine

Attorneys for Defendant
CVIN, LLC dba Vast Networks

Signature authorized February 19, 2015          NOVAK DRUCE CONNOLLY BOVE + QUIGG, LLP

By: /s/ Dean A. Morehous, Esq.
    Dean A. Morehous

Attorneys for Member Defendants
Sebastian Enterprises, Volcano Communications, Stageline Communications, The Ponderosa, Sierra Tel, Carnet, Cal-Ore, Calaveras, Ducor and Consolidated Communications Holdings

| | |
|---|---|
| Signature authorized February 19, 2015 | TONKON TORP, LLP |
| | By: /s/ David Rabbino, Esq. |
| |     David Rabbino |
| | Attorneys for Third-Party Defendant Apex Directional Drilling, LLC |
| Signature authorized February 18, 2015 | ROGERS JOSEPH O'DONNELL |
| | By: /s/ Joseph C. McGowan, Esq. |
| |     Joseph C. McGowan |
| | Attorneys for Third-Party Defendant JK Communications & Construction, Inc. d/b/a Kleven |

## ORDER

The foregoing Stipulation of the parties is hereby approved and adopted by the Court, and its terms shall govern this action. (The Stipulation and its Exhibit A are also filed as Doc. 160 on the case docket).

IT IS SO ORDERED.

   Dated:   **March 3, 2015**               /s/ Gary S. Austin
                                                           UNITED STATES MAGISTRATE JUDGE