1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

10

EASTERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| MP NEXLEVEL, of California, Inc., <br><br> Plaintiff, <br><br> v. <br><br> CVIN, LLC, d/b/a VAST NETWORKS, CALAVERAS COMMUNICATIONS COMPANY, SEBASTIAN ENTERPRISES, INC., VOLCANO COMMUNICATIONS COMPANY, STAGELINE COMMUNICATIONS, INC., THE PONDEROSA TELEPHONE COMPANY, SIERRA TEL COMMUNICATIONS GROUP, VARNET INC., CAL-ORE TELEPHONE COMPANY, THE CORPORATION OF EDUCATION NETWORK INITIATIVES IN CALIFORNIA, and DOES 1 to 500, DEFENDANTS. | 1:14-cv-00288-LJO-EPG <br><br> ORDER DENYING MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY CVIN, LLC <br><br> (Doc.  271) |

Defendant CVIN, LLC ("Defendant") has moved to compel Plaintiff MP Nexlevel of California, Inc. ("Plaintiff") to produce documents relating to the level of involvement of Louis-George Menard—Plaintiff's designated Responsible Managing Employee ("RME") for its Class A General Contractor's License—on Plaintiff's 11 California projects, other than the project that is subject of this litigation ("the CVIN project").  (ECF No. 271).

1

Specifically, Defendant requests all documents responsive to the following requests:

**REQUEST FOR PRODUCTION NO. 4:**
ALL DOCUMENTS REFERRING OR RELATING TO Mr. Menard's time spent on any of YOUR CALIFORNIA PROJECTS, including but not limited to timesheets, daily reports, meeting minutes, and pay stubs.

**REQUEST FOR PRODUCTION NO. 8:**
ALL DOCUMENTS REFERRING OR RELATING TO the roles and responsibilities ol [sic] Mr. Menard on any of YOUR CALIFORNIA PROJECTS.

**REQUEST FOR PRODUCTION NO. 12:**
Mr. Menard's timesheets, diaries, or notes RELATING TO any of YOUR CALIFORNIA PROJECTS.

Plaintiff objected to all requests, but nevertheless produced a printout of time billed by Mr. Menard from January 30, 2012 to May 30, 2014 for various California Projects (including time billed to the CVIN Project), which did not contain any information about the projects to which Mr. Menard billed his time.  Plaintiff has also offered to allow Mr. Menard to answer questions during a deposition regarding his work on non-CVIN projects.

Under the Federal Rule of Civil Procedure 26(b)(1):

Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Accordingly, the Court first addresses the question of whether the requested discovery is relevant to any party's claim or defense.  Defendant contends that the requested documents are relevant to its counterclaim challenging whether Plaintiff was duly licensed during the time period when Plaintiff claims that Defendant allegedly breached its contract relating to an underground construction project.  In support of this argument, Defendant relies on California Business and Profession Code section 7031, which provides as follows:

2

(a) Except as provided in subdivision (e), no person engaged in the business or acting in the capacity of a contractor, may bring or maintain any action, or recover in law or equity in any action, in any court of this state for the collection of compensation for the performance of any act or contract where a license is required by this chapter without alleging that he or she was a duly licensed contractor at all times during the performance of that act or contract, regardless of the merits of the cause of action brought by the person, except that this prohibition shall not apply to contractors who are each individually licensed under this chapter but who fail to comply with Section 7029.

Cal. Bus. & Prof. Code § 7031.  Defendant challenges the validity of Plaintiff's license on the ground that Plaintiff's RME failed to appropriately supervise Plaintiff's projects—both the current project with Defendant, as well as the 11 other non-CVIN projects.

As an initial matter, it is undisputed that whether Plaintiff's RME appropriately supervised the project at issue is relevant to this case.  Indeed, Plaintiff has filed a motion for summary judgment claiming that according to undisputed facts, Defendant's counterclaim for disgorgment should be denied because Plaintiff had an appropriate California contractor's license for the relevant work based on Mr. Menard's work on the CVIN project at issue in this case. (ECF No. 197). However, Plaintiff disputes whether the requested information is relevant to this question because the requested documents all concern non-CVIN projects.  The parties agree that Plaintiff has already produced discovery regarding Mr. Menard's work on the CVIN project at issue in the case.[1]

Thus, the question on this point is whether Defendant is entitled to learn about Mr. Menard's role on non-CVIN projects in order to challenge Mr. Menard's supervision on the project at issue in this case.  Defendant claims that the requested information about non-CVIN projects is relevant to Mr. Menard's work on the CVIN project because "If Menard was acting

---

[1] See Statement of Discovery Disagreement Regarding Motion to Compel Producdtion of Documents ("Joint Statement"), ECF No. 273, at 19:22-26 ("CVIN currently has all of MPN's documents related to the CVIN Project, including Mr. Menard's emails, and documents generated or received by Mr. Menard. CVIN also currently has a complete record of Louis Menard's billable time recorded day-by-day. CVIN also has the "key" for Mr. Menard's day-by-day billable time, so they know what time was billed to the CVIN projects.").

as a Project Manager, or in another full-time capacity on another project, this would leave no time to fulfill the requisite duties on the CVIN Projects." (Joint Statement, at 13:19-21).

The Court disagrees. Defendant already has all relevant discovery regarding Mr. Menard's work on the project at issue in this case, as well as time entries reflecting time spent on non-CVIN projects. This information is sufficient to determine whether Mr. Menard fulfilled his obligations as to the CVIN project. What exactly Mr. Menard did on the non-CVIN projects during the amount of time already disclosed will not shed light on Mr. Menard's ability to work on the CVIN project during the rest of his time.

Defendant next contends that Mr. Menard's role on other projects is relevant because it could provide Defendant with a defense that Mr. Menard failed to adequately supervise non-CVIN projects for Plaintiff. Defendant relies on California Business and Professions Code section 7068.1:

> The person qualifying on behalf of an individual or firm under paragraph (1), (2), (3), or (4) of subdivision (b) of Section 7068 shall be responsible for exercising that direct supervision and control of his or her employer's or principal's construction operations to secure compliance with this chapter and the rules and regulations of the board.

Cal. Bus. & Prof. Code § 7068.1. Based on this statute, Defendant claims that Plaintiff's entire license could be rendered invalid or null if Plaintiff's MPE failed to properly supervise any project. In support of this argument, Defendant points to the requirement that the MPE must properly supervise "construction operations" in order to obtain a valid license. Thus, Defendant argues that if any project among those construction operations were inadequately supervised, then the license as a whole is void, and any work done under that license - even if done with appropriate supervision - should be considered unlicensed, and such a company should be prohibited from collecting money for such work.

Both parties agree that there is no case on point. In other words, no case, in California or otherwise, has ruled either way on the question of whether a failure of an MPE to adequately supervise one project for a company renders the work done by that company in other areas

"unlicensed."  In support of its position, Plaintiff cites to two cases involving a challenge of the role of an MPE in order to invalidate a contractor's license and notes that the relevant issue was framed as concerning the project at issue, rather than all projects done by that company.  See Buzgheia v. Leasco Sierra Grove, 60 Cal. App. 4th 374, 380-81 (1997) ("Leasco took the position that Laird was not a 'bona fide' employee, did virtually no work on the Leasco projects and therefore Tripoli (and hence, Buzgheia) was not 'duly licensed.'"); G. E. Hetrick & Associates, Inc. v. Summit Constr. & Maint. Co., 11 Cal. App. 4th 318, 329, (1992), reh'g denied and opinion modified (Dec. 10, 1992) ("Defendants attempt to negate this possibility through the declaration of Katz, who averred that he never saw Gary Hetrick on the jobsite, and that Grotilsch appeared to Katz to be supervising the job and to have executed the contract in question. This evidence does not establish as a matter of law that Gary Hetrick did not, in fact, supervise the job.").  But Defendants rightly point out that the issue of the MPE's role on other projects was not presented in those cases and it is unknown whether the company in those cases even had multiple projects supervised by the same MPE.

The role of this Court on this discovery motion is not to resolve this open question as a matter of law.  It can only assess relevance based on the law available and evaluate the likelihood that additional discovery would help resolve the issues in this case.  In light of the lack of any legal precedent for Defendant's position, the relevance on this legal issue - i.e., whether the MPE adequately supervised other projects than one in this lawsuit - appears low. Put another way, even if Defendant were to learn that Mr. Menard failed to adequately supervise another project, it is far from clear that Defendant would automatically avoid any liability for payment for the project here.  This is especially true if it were determined that the project at issue here was appropriately supervised.  While it is correct that California courts strictly construe such licensing requirements, see Buzgheia, 60 Cal.Appl.4th at 387 (1997) ("once the [RME] is not performing his function, it is as if the contractor has no license at all."), this Court would find such a result to be unreasonably harsh and not comport with the purpose of the statute to "provide minimal assurance that all persons offering such services in California have the requisite skill and character, understand applicable local laws and codes,

1  and know the rudiments of administering a contracting business." <u>Hydrotech Systems, Ltd. V.</u>

2  <u>Oasis Waterpark</u>, 52 Cal.3d 988, 995 (1991).

3          Another aspect to consider in assessing potential relevance of the discovered material is

4  the likelihood that it would in fact reveal that Mr. Menard improperly supervised the non-CVIN

5  projects.  The Court has seen no such evidence supporting a reasonable suspicion that any of

6  the non-CVIN projects were improperly supervised.  At oral argument, counsel for Defendant

7  referred to communications indicating that Mr. Menard claimed to have a business

8  development role generally.  However, Plaintiff contested this description and pointed out that

9  there was no evidence before this Court to support such characterization.  Notably, Defendant

10  did not point to any evidence related to any specific non-CVIN project demonstrating a lack of

11  oversight.  The Court understands Defendant's argument that it requires the requested

12  discovery to determine that issue.  Yet, Defendant has thus far declined to take the deposition

13  of Mr. Menard to learn more, and has apparently not seen anything in the billing records or

14  other evidence to date giving a hint of such impropriety.  Without such evidence, it appears that

15  discovery about non-CVIN projects, even if the result could in theory be legally relevant, is

16  akin to a "fishing expedition," in that Defendant is searching for something improper that might

17  give right to a potential defense, rather than following a lead indicating that such impropriety

18  will be found.

19          All in all, the Court finds that the relevance of the requested information is minimal.

20  There is no evidence to suggest that Defendant will uncover evidence of improper supervision.

21  Similarly, there is no caselaw supporting Defendant's argument that any impropriety would be

22  a valid defense in this lawsuit.

23          Against that backdrop, the Court turns to the burden involved in producing the

24  discovery sought.  Plaintiff claims that "Responding to several of CVIN's demands would

25  require a blanket review of every letter and email sent to or from Louis Menard, every contract,

26  subcontract, material purchase, work order, change order, payment request, subcontractor

27  payment authorization, and in essence every other material document of any kind from each of

28  these 11 projects."  (Joint Statement at 24:1-5).  This issue was also discussed at oral argument

and both parties appeared to agree that satisfaction of the requests would require a search for every document to or from Mr. Menard.  Defendant claimed such a search would be reasonable because Plaintiff could search the electronic files for the word "Menard," and was free to provide every document with Mr. Menard without a further search.  Plaintiff countered that many documents were not electronically searchable, and in any event, Plaintiff would have to review every such document prior to production.

The Court finds that the burden associated with the searches is high.  This is not a situation where a party requests targeted billing records.  There are 11 construction projects at issue.  Mr. Menard's name likely appears on many documents.  And while Plaintiff could choose to produce all documents mentioning Mr. Menard, that is not consistent with Plaintiff's obligation to produce only responsive and non-privileged materials.  The burden of finding every document on 11 projects mentioning Mr. Menard and reviewing them for production is a large one.

The Court is also mindful of the chilling effect that could result from an order requiring such production.  After all, Plaintiff possesses a license validly obtained through California licensing authorities.  To side with Defendant would be to hold that any licensed construction company must produce every document concerning the role of its MPE supervising any project, in order to sue for payment on a construction project.  Such a discovery burden could very well discourage companies from filing a lawsuit merely to avoid the discovery costs associated with such a production.  The Federal Rules of Civil Procedure, especially as recently revised, seek to avoid such a result.

Based on this assessment of the relative relevance and burden associated with the requested documents, this Court finds that the discovery is not required under Federal Rule of Civil Procedure 26(b)(1).

\\\

\\\

\\\

\\\

Accordingly, Defendant's Motion to Compel Production of Documents (ECF 271), is hereby DENIED.

IT IS SO ORDERED.

Dated:   **April 11, 2016**              /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE