UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MP NEXLEVEL OF CALIFORNIA, INC.,** | 1:14-cv-288-LJO-EPG |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER RE PLAINTIFF'S MOTION FOR JUDGMENT (Doc. 391) AND DEFENDANT'S MOTION TO BIFURCATE (Doc. 396)** |
| v. | |
| **CVIN, LLC, et al.,** | |
| Defendants. | |

## I. INTRODUCTION

The Court recently denied Plaintiff-Counter Defendant MP Nexlevel of California, Inc.'s ("MP") motion for summary judgment on Defendant-Counter Claimant CVIN, LLC's ("CVIN") counterclaim brought under California Business and Professions Code § 7031(b) ("§ 7031(b)"). *See MP Nexlevel of Calif., Inc. v. CVIN, LLC*, No. 1:14-cv-288-LJO-EPG, 2016 WL 3916987 (E.D. Cal. July 19, 2016) ("the MSJ Order"). Currently before the Court is (1) MP's motion for entry of judgment on that order under Federal Rule of Civil Procedure[1] 54(b) or, in the alternative, certification of the order for interlocutory appeal under 28 U.S.C. § 1292(b) ("§ 1292(b)")[2] (Doc. 391) and (2) CVIN's motion to bifurcate the trial. Doc. 396.

The Court took both matters under submission on the papers pursuant to Local Rule 230(g). Docs. 403, 406. For the following reasons, the Court DENIES MP's motion and GRANTS CVIN's

---

[1] All further references to any "Rule" are to the Federal Rules of Civil Procedure.

[2] MP further requests that if the MSJ Order is certified for interlocutory appeal that the Court stay this case. Doc. 391-1 at 2. Because the Court denies MP's motion for interlocutory appeal, its request for a stay is DENIED as moot.

1

motion.

## II. FACTUAL AND PROCEDURAL BACKGROUND

This case concerns disputes that arose over a large-scale broadband infrastructure construction project ("the Project") throughout California's Central Valley, which is divided into 30 "Segments." MSJ Order at *1-2. The Segments are further divided into two geographical groups, the "Northern Segments" and the "Southern Segments." *See* Doc. 391-1 at 6. When performing construction on the Southern Segments, MP had only a C-7 Low Voltage Systems license ("C-7 license"), issued by the California Contractors State License Board ("the Board). *Id.* Before performing construction on the Northern Segments, MP obtained a Board-issued "Class A" license. *Id.*

California Business and Professions Code § 7031 ("§ 7031") bars contractors from any recovery or compensation for work requiring an appropriate contractor's license unless he or she was "duly licensed" throughout the performance of the work. *See MW Erectors, Inc. v. Niederhauser Ornamental & Metal Works Co., Inc.*, 36 Cal. 4th 412, 426 (2005). CVIN brought a counterclaim against MP, arguing that MP is barred under § 7031 from maintaining this case because MP was not "duly licensed" when it performed its work on the Project and, accordingly, CVIN is entitled to recover all compensation it paid for the work. MSJ Order at *1, 4. MP moved for summary judgment on the claim, which the Court denied, finding that: (1) MP was not duly licensed by virtue of its C-7 license; (2) MP's work was not "incidental and supplemental" to work covered by its C-7 license[3]; and (3) genuine issues of material fact remain as to whether MP's Class A license was valid, which precludes any decision on whether it rendered MP duly licensed. *Id.* at 8-9.

MP now seeks to appeal the MSJ Order.[4] To do so, MP requests that the Court either enter

---

[3] Under California Business and Professions Code § 7059(a), a licensee is permitted to perform work that it may not be licensed to perform if the work is "incidental and supplemental" to the work for which it is licensed to perform. *See* MSJ Order at *7. Because the Court concluded MP's C-7 license was insufficient and its work was not "incidental and supplemental" to work covered by its C-7 license, MP was not duly licensed when it held only that license.

[4] Third-Party Defendant JK Communications & Construction, Inc. dba Kleven Construction ("Klevens") joins in full MP's

2

judgment on CVIN's counterclaim under Rule 54(b) or certify the Order for interlocutory appeal under § 1292(b). *See* Doc. 391-1 at 7.

CVIN opposes on both grounds.[5] Doc. 395. As to MP's motion under Rule 54(b), CVIN argues, among other things, that the MSJ Order cannot be appealed under the Rule because it is not a final decision. *Id.* at 10. As to MP's § 1292(b) motion, CVIN asserts MP fails to satisfy any of its three criteria. *Id.* at 16.

The parties agree that if MP's Class A license is invalid, then MP is barred under § 7031 from asserting its remaining claims that the MSJ Order does not affect.[6] The merits of MP's claim therefore would effectively be decided and no trial on the claims (or CVIN's counterclaims), which is estimated to take approximately 40 days, would be necessary. For that reason, CVIN moves to bifurcate the trial so that the threshold question of MP's licensure, which will have to be decided at the trial currently scheduled for July 2017, can be decided in advance. Doc. 397 at 1. If CVIN is successful, CVIN will agree to a stay of the case and the entry of judgment on its claims, which would permit an appeal of both licensure issues. *Id.* at 8.

Only MP opposes CVIN's motion to bifurcate. Doc. 404. MP argues the licensure trial would be an inefficient waste of resources because any result would be moot if the Ninth Circuit holds MP's C-7 license was valid and sufficient. MP also argues that the Class A licensure issue is not separable from the merits and therefore the evidence presented at a trial on the issue would "overlap significantly with

---

motion to the extent it requests an appeal of the MSJ Order, but opposes staying the case if the Court were to grant the motion. As noted, the Court denies MP's motion and will not stay this case. The Court therefore need not address Kleven's arguments.

[5] Defendants Calaveras Communications Company, Cal-Ore Telephone Co., Consolidated Communications Holdings, Inc., Ducor Telephone Company, Mohave Investment, LLC, Sebastian Enterprises, Inc., Sierra Tel Broadband, Sierra Tel Communications Group, Stageline Communications, Inc., Surewest Fiber Ventures, LLC, The Ponderosa Telephone Co., Varcomm, Inc., Varnet, Inc., Volcano Communications Company, and Volcano Telecom, Inc. (collectively, "the Member Defendants") join in full CVIN's opposition to MP's motion as well as CVIN's motion to bifurcate. Doc. 398 at 2. The Court need not address the Member Defendants' arguments to resolve the pending motions.

[6] As discussed in more detail below, the Court agrees with the parties that the practical effect of the MSJ Order is that MP cannot recover on its claims concerning the Southern Segments because they are contingent on a finding that MP's C-7 license was valid and sufficient for the work it performed on those Segments.

3

the evidence the jury will be asked to consider at a full trial on the merits" of the parties' claims. *Id.* at 5.

### III. DISCUSSION

**A. MP's Rule 54(b) motion**

Rule 54(b) provides in relevant part:

> When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

When deciding a Rule 54(b) motion, the "district court must first determine that it has rendered a 'final judgment,' that is, a judgment that is an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005) (citation and quotation marks omitted). "Then it must determine whether there is any just reason for delay." *Id.*

MP requests that the Court certify the MSJ Order, which denied its motion for summary judgment, for appeal under Rule 54(b). "An order denying a motion for summary judgment is generally not a final decision within the meaning of [28 U.S.C] § 1291 and is thus generally not immediately appealable." *Plumhoff v. Rickard*, 134 S.Ct. 2012, 2018 (2014) (citation omitted). In fact, the Ninth Circuit holds that such an order generally is not appealable even if the district court certifies it for appeal under Rule 54(b). *Safe Flight Instrument Corp. v. McDonnell–Douglas Corp.*, 482 F.2d 1086, 1093 (9th Cir. 1973).

This is so because a decision is a "final judgment" for Rule 54(b) purposes if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 275 (1988) (citation and quotation marks omitted). In other words, "[a] district court may certify its judgment as final . . . only with respect to claims that have been conclusively resolved." *Howell v. Town of Ball*, 827 F.3d 515 (5th Cir. 2016).

The parties correctly agree that, as a result of the MSJ Order, CVIN effectively succeeded on MP's claims that relate to the Southern Segments, and is entitled to a disgorgement from MP for the

amounts paid on those Segments. But the MSJ Order did not touch on, much less resolve, any damages or remedies issues. Accordingly, it is not a final decision under 28 U.S.C. § 1291 and cannot be certified for a Rule 54(b) appeal.[7] *See Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 744 (1976) (holding orders that leave "assessment of damages or awarding of other relief . . . to be resolved have never been considered to be 'final' within the meaning of 28 U.S.C. § 1291" (citations omitted)). The Court therefore DENIES MP's Rule 54(b) motion.

**B. MP's § 1292(b) motion**

The "only possible authorization" for an appeal from the MSJ Order is under § 1292(b). *Id.* "A non-final order may be certified for interlocutory appeal [under § 1292(b)] where it 'involves a controlling question of law as to which there is substantial ground for difference of opinion' and where 'an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" *Reese v. BP Exploration (Alaska), Inc.*, 643 F.3d 681, 687-88 (9th Cir. 2011) (quoting § 1292(b)). Because § 1292(b) "must be construed narrowly," interlocutory appeals under § 1292(b) are permitted only in "rare circumstances," *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002), and should "act[] as a safety valve for serious legal questions taking the case out of the ordinary run." *Estate of Kennedy v. Bell Helicopter Textron, Inc.*, 283 F.3d 1107, 1116 (9th Cir. 2002) (citation and quotation marks omitted).

Congress "did not specifically define what it meant by 'controlling,'" in § 1292(b)'s requirement that an interlocutory appeal present a "controlling question of law." *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1982). The Ninth Circuit broadly defines it as one whose "resolution . . . on appeal could materially affect the outcome of litigation in the district court," *id.*, but has not provided much meaningful guidance beyond that. Though the Ninth Circuit has not addressed

---

[7] MP argues in an entirely conclusory manner that the Court can and should amend the MSJ Order to direct entry of judgment for CVIN and include a damages sum, the amount of which MP claims is undisputed. Doc. 391- at 11. MP provides no authority for this proposition, and the Court can find none, particularly given that CVIN has not asked for entry of judgment in its favor, nor has it discussed damages.

5

the issue, numerous courts hold that a "controlling question of law" must present a "pure" or "abstract" legal issue. *See, e.g.*, *Mamani v. Berzain*, 825 F.3d 1304, 1312 (11th Cir. 2016); *Rieve v. Coventry Health Care, Inc.*, 870 F. Supp. 2d 856, 879 (C.D. Cal. Apr. 25, 2012); *Ahrenholz v. Bd. of Trustees of Univ. of Ill.*, 219 F.3d 674, 677 (7th Cir. 2000). Under that line of precedent, case- and fact-specific orders are not certifiable for a § 1292(b) interlocutory appeal. *See, e.g.*, *Mamani*, 825 F.3d at 1312; *Ahrenholz*, 219 F.3d at 677.

MP frames the controlling question of law at issue in the MSJ Order as "whether the work [it] performed . . . falls within the scope of the C-7 license and whether, if it does not, the 'supplemental and incidental' exception saves MP[] from non-licensure." Doc. 391-1 at 1. This mixed question of law and fact is not appropriate for interlocutory appeal because it does not present a controlling question of law. *See People v. Kinder Morgan Energy Partners, LLP*, No. 07cv1883-MMA (WVG), 2016 WL 1165828, at *2 (S.D. Cal. Mar. 24, 2016) ("A 'question of law' generally means a 'pure' question of law, not a mixed question of law and fact, or an application of law to a particular set of facts." (citation omitted)). Even if the Ninth Circuit disagreed with the Court's reasoning and understanding of the applicable law, the Ninth Circuit would have to review the record to determine whether MP was duly licensed under the specific facts of this case. This is precisely the kind of highly factual, case-specific situation that is not properly certified under § 1292(b). *See McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004) ("The antithesis of a proper § 1292(b) appeal is one that turns on whether . . . the district court properly applied settled law to the facts or evidence of a particular case."); *see also Mamani*, 825 F.3d at 1313 (holding appeal that asked court to decide whether the specific facts alleged by plaintiffs stated claims was not properly certified under § 1292(b)). Accordingly, MP's § 1292(b) motion is DENIED.

**C.  CVIN's motion to bifurcate**

Rule 42(b) provides that, "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues [or] claims." The Rule "confers broad

discretion upon the district court to bifurcate a trial, thereby deferring costly and possibly unnecessary proceedings pending resolution of potentially dispositive preliminary issues." *Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002).

CVIN argues—and MP does not and cannot dispute—that a bifurcated trial limited to the issue of whether MP's Class A license was valid and sufficient to cover its work on the Project could potentially dispose of all of MP's claims. CVIN argues that trying the Class A license issue, which must occur at some point, prior to reaching the merits of the case will increase convenience and judicial economy.[8] Because the Court found in the MSJ Order that MP's C-7 license was insufficient, if a jury found that MP's Class A license was invalid or insufficient, then MP is precluded under § 7031 from maintaining any of its claims.

Bifurcating a trial in order to try a potentially dispositive issue like this is proper under Rule 42(b). *See Exxon Co. v. Sofec, Inc.*, 54 F.3d 570, 575 (9th Cir.1995); *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001) (observing that a court might bifurcate a trial to "avoid[] a difficult question by first dealing with an easier, dispositive issue"). As MP notes in its opposition, "'[j]udicial economy through bifurcation may be achieved when an earlier trial deals with a dispositive matter which *may* moot the necessity of a later trial.'" Doc. 404 at 6 (quoting *Ioane v. Spjute*, No. 1:07-cv-0620-AWI-EPG, 2016 WL 3916966, at *3 (E.D. Cal. 2016) (emphasis added)).

MP argues, however, that because the Class A license is not distinct and discrete from the merits, the evidence concerning both with substantially overlap. MP seems to suggest, though not explicitly, that because of this purported overlap, the licensure issue and the merits are not separable and therefore cannot be bifurcated.

MP's position is belied completely by the fact that MP moved for summary judgment on the

---

[8] Because Rule 42(b) is written in the disjunctive, CVIN satisfying any one of the grounds for bifurcation is sufficient. *See Boone v. City of Los Angeles*, 522 Fed. App'x 402, 403 (9th Cir. 2013) ("Rule 42(b) authorizes district courts to bifurcate a trial for any one of the following reasons: (1) 'convenience,' (2) 'to avoid prejudice,' or (3) 'to expedite and economize.'"). The Court therefore need not address all of the parties' arguments.

Class A licensure issue. At that stage of the litigation, MP certainly believed the issue could and should be resolved before reaching the merits of its claims. Regardless of MP's motion for summary judgment, MP provides no meaningful explanation as to why the licensure issue is inseparable from the merits. Although MP claims the issues and corresponding evidence overlaps, MP does not meaningfully explain why any purported overlap should preclude bifurcation in this case. More to the point, MP does not point to *any* specific evidence that allegedly overlaps.

But, more importantly, even if MP could do so, that would not necessarily mean bifurcation would be inappropriate. Even assuming there is an overlap in the evidence on the license issue and the merits—which MP has failed to show entirely—bifurcation could potentially save a significant amount of resources for the parties, the jury, and the Court. The July 2017 trial is estimated to last approximately 40 court days, whereas the licensure issue, which must be tried either way, is estimated to take between three days and a week. If a jury finds that MP's Class A license was invalid or insufficient for MP's work on the Project, then a potentially seven- or eight-week jury trial on an extraordinarily complex, multi-party matter will not be necessary.[9] If the jury does not so find, then the parties will know well in advance that they will have to prepare for a trial on the merits—preparation that ultimately would be unnecessary, but required nonetheless, if the trial were not bifurcated.

The Court acknowledges there is a risk that a trial on the Class A license issue would be an unnecessary waste of resources if the Ninth Circuit concludes that MP's C-7 license was valid and sufficient to cover all of MP's work on the Project. The Court, however, is unable to place that issue before the Ninth Circuit at this juncture. The Court also acknowledges that the Ninth Circuit could find one or both of MP's licenses to be valid and sufficient, thus rendering a trial on the merits necessary. As it stands, however, the most efficient course is to try the Class A licensure issue so that if CVIN prevails, the threshold licensure issues can be resolved by the Ninth Circuit, as MP desires, and an extensive jury

---

[9] The Court cannot and does not consider the merits of the parties' positions on whether CVIN is likely to succeed at trial.

trial will potentially be avoided entirely.[10] If MP establishes its Class A license was valid and sufficient, then the Court will hold a trial on the merits as currently scheduled. This will permit the parties to spend the months they anticipate preparing for the merits of the trial knowing that it will not be a waste of time and resources due to a threshold jury finding that could have been decided well in advance.[11]

Accordingly, CVIN's motion to bifurcate is GRANTED.

**D. Discovery and scheduling issues**

MP requests, and CVIN opposes, that the Court impose various conditions on the proceedings if CVIN's motion to bifurcate is granted. *See* Doc. 404 at 10. Specifically, the parties dispute how discovery should proceed in light of bifurcation. The Court ORDERS the parties to meet and confer prior to any further Court involvement on discovery matters. If the parties cannot resolve their issues informally, the Court leaves discovery disputes to the Magistrate Judge's discretion. But because the parties have expended an inordinate amount of the Magistrate Judge's time and resources, the Court strongly urges the parties to resolve these discovery issues without the Court's assistance.

Finally, the parties disagree about the estimated length to try the Class A licensure issue—CVIN estimates it will take three days; MP estimates it will take one week. The parties are ORDERED to meet and confer to determine an estimated length for the trial. CVIN requests the earliest the trial be set between December 2016 and April 2017; MP does not indicate any preference. The Court is unavailable in December, but is available from January 2, 2017, through January 23, 2017, excluding Mondays. The Court is also available between April 11-14, 2017. The parties are ORDERED to provide the Court with three agreed-on dates for the trial during these timeframes by October 16, 2016.

---

[10] CVIN states that, if it prevails, it will "agree to stay the remainder of its claims (following entry of judgment for disgorgement, interest and fee damages in CVIN's favor arising from MP's improper licensure) while MP proceeded with an appeal." Doc. 397 at 8. The Court interprets this representation to mean that, if successful at the licensure trial, CVIN will agree to the entry of judgment on MP's claims affected by the MSJ Order. In other words, CVIN will agree to resolve those claims so that MP can appeal the C-7 licensure issue. The Court expects that CVIN will honor this representation.

[11] Any concerns MP may have about the C-7 licensure issue and the MSJ Order affecting the trial can be addressed in pre-trial motions, if necessary.

9

## IV. CONCLUSION AND ORDER

For the foregoing reasons, the Court DENIES MP's motion for judgment or alternatively for an interlocutory appeal (Doc. 391) and GRANTS CVIN's motion to bifurcate (Doc. 396). The parties shall submit a joint status report with three agreed-on dates for a trial on the Class A licensure issue.

IT IS SO ORDERED.

Dated:   **October 4, 2016**            /s/ Lawrence J. O'Neill
                                        UNITED STATES CHIEF DISTRICT JUDGE