# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MP NEXLEVEL, of California, Inc.,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>CVIN, LLC, d/b/a VAST NETWORKS, CALAVERAS COMMUNICATIONS COMPANY, SEBASTIAN ENTERPRISES, INC., VOLCANO COMMUNICATIONS COMPANY, STAGELINE COMMUNICATIONS, INC., THE PONDEROSA TELEPHONE COMPANY, SIERRA TEL COMMUNICATIONS GROUP, VARNET INC., CAL-ORE TELEPHONE COMPANY, THE CORPORATION OF EDUCATION NETWORK INITIATIVES IN CALIFORNIA, and DOES 1 to 500, DEFENDANTS. | **Case No. 1:14-cv-00288-LJO-EPG**<br><br>**ORDER RE: MP NEXLEVEL'S MOTION FOR SANCTIONS AGAINST CVIN, LLC**<br><br>(ECF No. 370) |

　　　　On July 22, 2016, the Court granted Plaintiff MP Nexlevel's ("MPN") Motion to Compel and for Sanctions (ECF No. 370) pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure. (ECF No. 385.) The Court further directed MPN to submit supplemental briefing describing the costs associated with CVIN's intransigence in discovery. MPN submitted a detailed memorandum of costs and CVIN has submitted objections to that

1

memorandum. (ECF Nos. 387, 390.) After a review of the memorandum and objections, the Court awards sanctions to MPN as described below.

## I. BACKGROUND

On July 22, 2016, the Court heard argument on MPN's Motion to Compel and for Sanctions and granted the Motion. At the hearing, the Court declined to award terminating sanctions, but agreed that monetary sanctions were appropriate. In particular, the Court awarded sanctions for fees and costs incurred in:

- Drafting and arguing the Motion to Compel and for Sanctions;
- The June 7, 2016 informal discovery conference and preparation for that conference (including the letters submitted for that conference); and,
- Meet and confer communications (in May 2016 and otherwise) regarding CVIN's non-compliance with the Court's discovery order at issue in the Motion.

In its memorandum of costs, MPN divides its expenses into the following categories:

- May 2016 correspondence /meet and confer expenses: $6,646.25
- June 7, 2016 informal discovery expenses: $1,997.50
- Drafting the joint statement for the Motion to Compel and for Sanctions (and associated page and date extension pleadings): $13,983.75
- Preparation and argument at the hearing for the Motion to Compel and for Sanctions: $10,040.59
- Drafting and filing the memorandum of costs: $5,662.50

For a total of $38,330.59 in requested sanction against CVIN. CVIN objects to several categories of MPN's claimed expenses and argues that MPN is entitled to only $15,648.81 in sanctions.

## II. DISCUSSION

### A. Legal Standard

Under Rule 37(b)(2) of the Federal Rules of Civil Procedure, a court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure" to comply with a court order. The Court has

already determined that MPN is entitled to an award of reasonable attorneys' fees under Rule 37(b)(2). The reasonability of attorneys' fees is calculated using the "lodestar" method. *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Id.*, *quoting Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n. 4 (9th Cir. 2001). "Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Id.*

### B. MPN's Hourly Rates are Reasonable

To determine "a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Webb v. Ada Cnty.*, 285 F.3d 829, 840 (9th Cir. 2002). In the Fresno area, hourly rates for attorneys of at least $300/hour have routinely been found reasonable. *See, e.g., Verduzco v. Ford Motor Co.*, Case No. 1:13-cv-01437-LJO-BAM, 2015 WL 4131384, at *4 (E.D. Cal. July 9, 2015) (approving rates of $300/hour and $380/hour); *Silvester v. Harris*, Case No. 1:11-cv-2137-AWI-SAB, 2014 WL 7239371, at *4 (E.D. Cal. Dec. 17, 2014) ("the current reasonable hourly rates in the Fresno Division are between $175 and $380 . . . [t]he current reasonable hourly rate for paralegal work in the Fresno Division ranges from $75 to $150"); *Dolarian Capital, Inc. v. SOC, LLC*, Case No. 1:11-cv-00031-LJO-SAB, 2013 WL 1006071, at *4 (E.D. Cal. March 13, 2013) (approving rates of $300/hour for lead counsel and $225/hour for associates).

MPN states that it is compensating its counsel at a rate of $250/hour for partners (Holly J. Newman, James D. Kremer, J. Benjamin Patrick, and Matthew L. Hawk), $225/hour for associates (Olivia M. Kelley), and $110/hour for paralegals. CVIN does not object to the hourly rates charged by MPN's counsel. The Court finds that MPN's hourly rates are reasonable.

///

///

**C.  May 2016 Meet and Confer Expenses**

MPN claims attorneys' fees for 24.65 hours of associate time and 4.4 hours of partner time.  CVIN objects that 22.55 of MPN's claimed associate hours were actually incurred analyzing CVIN's document production, rather than preparing for any meet and confer, and would thus have been incurred regardless of CVIN's violation of the Court's discovery order.  The Court agrees with respect to Ms. Kelley's time entries from March 14, 2016 to May 4, 2016; these time entries refer only to analyzing incoming document productions and preparing them for review (uploading documents to Relativity, for example).  (Supplemental Declaration of James D. Kremer in Support of MP Nexlevel's Fee Request ("Kremer Decl.") Exh. C, ECF No. 388.)  MPN would have had to review the document production even if CVIN had not committed any discovery violation.  Thus, those expenses should not be included in the sanctions award.  *True Health Chiropractic Inc. v. McKesson Corp.*, Case No. 13-cv-02219-HSG (DMR), 2015 WL 3453459, at *3, (N.D. Cal. May 29, 2015), *citing Logtale, Ltd. v. IKOR, Inc.*, Case No. C-11-5452 EDL (DMR), 2015 WL 581513, at *5 (N.D. Cal. Feb. 11, 2015).

Ms. Kelley's time entries from May 10 and 11, however, refer specifically to analyzing the document productions in preparation for the meet and confer efforts.  (Kremer Decl. Exh. C, ECF No. 388.)  These expenses are thus recoverable.  One other time entry from May 5, 2016 for 1.2 hours reflects time Ms. Kelley spent preparing a meet and confer letter and is not challenged by CVIN.  The Court will thus discount MPN's claimed fees by 13.25 associate hours and finds that MPN should be compensated for 11.4 associate hours and 4.4 partner hours, or **$3,665.00**, for the meet and confer.

**D.  June 7, 2016 Informal Discovery Conference**

MPN requests $1,997.50 for preparing for and participating in the informal discovery conference on June 7, 2016.  CVIN does not object to the hours Mr. Kremer or Ms. Kelley billed for this conference.  The Court finds the hours spent on this conference reasonable and awards **$1,997.50**.

///

**E. Drafting the Motion to Compel and for Sanctions**

MPN claims attorneys' fees for 28.15 associate hours and 30.6 partner hours for drafting the Motion to Compel and for Sanctions, requesting an extension to the page limit for that motion, and for seeking a modification of the scheduling order as order by the Court. CVIN objects to 8.7 hours of partner time that Mr. Kremer billed for drafting a motion to request an extension to the page limit and editing MPN's portion of the joint statement down to the page limit. CVIN also objects to 6.7 hours of associate time that Ms. Kelley billed for analyzing documents produced by CVIN.

Neither of CVIN's objections is sustainable. Before incurring the costs to draft a motion requesting an extension of the joint statement page limit, Mr. Kremer requested that CVIN agree to extend the page limit. CVIN refused. Thus, any expenses incurred in drafting the motion were the result of CVIN's conduct—CVIN cannot now complain that MPN was running up the tab, so to speak, because Mr. Kremer was required to prepare a motion to extend the page limit. Nor does it make sense to discount the hours Mr. Kremer billed to edit the joint statement down to the page limit; editing is (or should be) a necessary part of filing any document in court.

CVIN also requests that the Court discount the hours requested because a portion of the joint statement discussed CVIN's pre-March 2, 2016 conduct and asked for terminating sanctions, which were not granted. CVIN argues that these portions of the joint statement were unnecessary and thus should not be compensated. But CVIN's request is impractical and incorrect. First, the Court (and the parties, for that matter) is simply unable to parse through each sentence or paragraph of the joint statement to determine which were "necessary" and which were "unnecessary" to the relief that was ultimately awarded. Second, as noted on the record, the Court considered issuing terminating sanctions and looked to CVIN's pre-March 2, 2016 conduct in deciding whether and what to award in sanctions. It is thus incorrect to say that the request for terminating sanctions was unnecessary. Finally, the Court finds that the 6.7 hours Ms. Kelley spent "analyzing" documents produced by CVIN were necessary in drafting the joint statement because the billing entries explain that the analysis was done specifically to

determine what CVIN had failed to produce. (Kremer Decl. Exh. E, ECF No. 388.) This information would have been particularly important when drafting the joint statement. MPN is entitled to **$13,983.75** for the drafting of the joint statement and other associated pleadings.

### F. Preparing and Arguing the Motion to Compel and for Sanctions

MPN requests a variety of expenses for the three attorneys who appeared or assisted in the preparation for the hearing on the Motion:

**James D. Kremer (Partner)**
- 15.25 hours of travel time[1] for a round trip from Minneapolis to Fresno
- 13.75 hours to review the joint statement (and associated cases), prepare for the hearing, and attend the hearing
- $1,451.78 in travel expenses, including airfare, hotel, car rental, meals, and parking

**Matthew L. Hawk (Partner)**
- 6 hours of travel time for a round trip from San Francisco to Fresno
- 2 hours to attend the hearing
- $199.80 in mileage expenses
- $17.76 in travel expenses, including parking and a meal

**Olivia M. Kelley (Associate)**
- 7.9 hours preparing for the hearing

CVIN objects to: (1) the amount of time spent by Mr. Kremer and Ms. Kelley to prepare for the hearing; (2) Mr. Kremer's travel time and expenses; and (3) fees spent for more than one attorney at the hearing. In large part, CVIN simply objects that it was unnecessarily duplicative for both Mr. Hawk and Mr. Kremer to attend the hearing and that Mr. Kremer should not have traveled out from Minneapolis. In CVIN's view, only Mr. Hawk should have attended and argued at the hearing.

---

[1] MPN is paying for travel time at one-half of each attorney's standard billing rate, or $125/hour for partners. Courts within the Eastern District of California have traditionally found that travel time can be reimbursed "at the attorney's normal monthly rate." *Hall v. City of Fairfield*, Case No. 2:10-cv-0508-DAD, 2014 WL 1286001, at *13 n. 21 (E.D. Cal. March 31, 2014) (surveying cases within the Eastern District of California).

As an initial matter, the Court notes that "the attendance of more than two attorneys is not per se duplicative" in calculating attorneys' fees. *Oberfelder v. City of Petaluma*, No. C-98-1470 MHP, 2002 WL 472308, at *7–8 (N.D. Cal. Jan. 29, 2002), *aff'd sub nom. Oberfelder v. Bertoli*, 67 F. App'x 408 (9th Cir. 2003) (attendance of two attorneys at depositions, case management conferences, settlement conferences, and case investigations not "improper or superfluous"); *see also True Health Chiropractic Inc. v. McKesson Corp.*, No. 13-CV-02219-HSG-DMR, 2015 WL 3453459, at *4 (N.D. Cal. May 29, 2015) ("The court agrees that Mr. Hara's and Mr. Jonckheer's attendance at the hearing was reasonable."); *Seven Signatures General Partnership v. Irongate Azrep BW LLC*, 871 F.Supp.2d 1040, 1056 (D. Haw. 2012) ("Two attorneys may recover fees for their appearances at court proceedings when it is reasonable and necessary for a 'second chair' to appear with lead counsel."). Thus, the mere fact that Mr. Kremer and Mr. Hawk appeared for the hearing does not make their requested fees unreasonable or unnecessary.

Mr. Kremer's attendance at the hearing was also justified based on the facts of this case. As the billing records indicate, Mr. Kremer and Ms. Kelley were the attorneys on point for the bulk of the work on this Motion. (Kremer Decl. Exhs. D, E, and F, ECF No. 388.) Mr. Kremer was the attorney who originally entered into the stipulation of March 2, 2016 that was adopted as the court order CVIN violated. (ECF No. 269.) He then appeared for MPN in the informal discovery conference regarding the violation of that court order. (ECF No. 348.) That violation was the impetus for the current Motion—thus, it makes sense that Mr. Kremer (or Ms. Kelley, who also appears to have invested significant time on this Motion) appear to argue the Motion.

Moreover, some degree of duplication "is inherent in the process of litigating over time." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) ("By and large the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker."). The Motion at issue involved an expansive document production and was the culmination of a long series of discovery disputes that has stretched over many months in this

litigation. The Court thus finds that Mr. Kremer's attendance at the hearing was a necessary expense and that his preparation efforts were not duplicative with Ms. Kelley's. Nor was the time billed for that preparation excessive, given the size of the document production and briefing associated with the Motion. While CVIN would no doubt prefer if it were in a position to dictate how MPN allocates its legal resources, it does not make sense to second guess MPN's staffing decisions here.[2]

The Court declines to trim MPN's claimed fees and finds that MPN is entitled to $6,795.53 for Mr. Kremer's time and expenses, $1,777.50 for Ms. Kelley's time, and $1,467.56 for Mr. Hawk's time and expenses. This totals to **$10,040.59** for preparation and attendance at the Motion hearing.

### G. Drafting and Filing the Memorandum of Costs

MPN asks that the fee award include time spent drafting and filing the Memorandum of Costs and its supporting documents. In particular, MPN claims that Mr. Kremer billed 19.05 hours and Ms. Kelley billed 4 hours for the preparation and filing of the Memorandum. CVIN objects to this request, saying that the legal authorities and information in the Memorandum should have been filed in the original Motion and that CVIN should not be required to pay "unnecessarily high expenses incurred as a result of [MPN's] own failings." (Objection to Supplemental Memorandum of Costs 9:26-27, ECF No. 390.)

Parties are entitled to recoup fees incurred in "preparing, defending, and appealing" requests for attorney's fees. *Brown v. Sullivan*, 916 F.2d 492, 497 (9th Cir. 1990); *Rosenfeld v. U.S. Dept. of Justice*, 904 F.Supp.2d 988, 1008 (N.D. Cal. 2012) ("In this Circuit, plaintiffs may recover attorney's fees for time reasonably expended on a motion for attorney fees and costs."). The Court, after determining that MPN's motion to compel should be granted, specifically directed MPN to submit a memorandum of costs and described the specific categories for which MPN could request costs. Any fees incurred in creating such a

---

[2] The Court also observes that CVIN appeared at the hearing through William Eliopoulos and Kaveh Badiei of Rutan and Tucker, both of whom traveled from Palo Alto. Messrs. Eliopoulos and Badiei also brought Kyre Stucklin, an attorney and eDiscovery Practice Support Manager, and two client representatives, including the CEO of CVIN. CVIN, at least, appears to have thought it prudent to bring more than one attorney to the hearing.

memorandum are thus part of the Motion for Sanctions and are compensable.  CVIN contends that MPN should not have spent time including legal authorities and argument in its Memorandum, but the "argument" that CVIN objects to is largely nothing more than a narrative describing when, how, and why specific costs were incurred.[3]  Had MPN not included this information, CVIN would likely now be arguing that MPN had not done enough to justify its fees request and that it should be denied on those grounds.

CVIN's objection is overruled.  MPN is entitled to an award of **$5,662.50** for the preparation and filing of the Memorandum of Costs and associated exhibits.

### III.   ORDER

For the foregoing reasons, the Court GRANTS MPN's Motion for Sanctions (ECF No. 370) and SUSTAINS IN PART and OVERRULES IN PART CVIN's Objections to MPN's Memorandum of Costs (ECF No. 390).  The Court awards sanctions in the amount of **$35,349.34** against CVIN and in favor of MPN.

IT IS SO ORDERED.

Dated:   **October 5, 2016**            /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE

---

[3] For example, MPN discusses the fees associated with the Memorandum of Costs: "In response to the Court's directive regarding this submission, MPN has expended time carefully reviewing the documented fees and costs incurred in connection with this motion to ensure that its request is within the scope of those activities which the Court concluded are recoverable by MPN as a Rule 37 sanction. In addition, MPN conducted legal research to provide the Court with authority establishing the reasonableness of its counsels' hourly rates, as well as the reasonableness of the hours expended by its counsel on the activities that the Court has indicated are recoverable by MPN." (Supplemental Memorandum of Costs 16:6-12, ECF No. 387.)